**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| OLIVIA SNARE,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | No. |
| THE HERSHEY COMPANY,<br>A Delaware Corporation,<br>    Defendant. | : <br> : <br> : <br> : | JURY TRIAL DEMANDED |

**COMPLAINT**

AND NOW, comes Plaintiff, Olivia Snare, by and through her attorneys, Law Office of Andrew H. Shaw, P.C. and files this Complaint, and in support thereof avers as follows:

## I.    JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*., as amended ("Title VII") and 28 U.S.C. §1331; and as to Plaintiffs' state law claims under the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq*., supplemental jurisdiction is conferred pursuant to 28 U.S.C. §1367.

2. Venue is appropriate in the Middle District of Pennsylvania pursuant to 42 U.S.C. §2000e *et seq* and pursuant to 28 U.S.C. §1391(b)(2) and (c) because a substantial part of the events and omissions giving rise to the Plaintiff's claims occurred in Dauphin County, Pennsylvania and pursuant to 28 U.S.C. §1391(d) because Defendant's contacts to Dauphin County are sufficient to subject it to personal jurisdiction in the Middle District.

3. This Court may grant Plaintiff's prayer for damages under Fed. R. Civ. P. 54 and her prayer for costs and expenses, including reasonable attorneys' fees and costs, under 42 U.S.C. § 2000e *et seq*.

1

4. Plaintiff has exhausted her administrative remedies and is entitled to bring this action. All conditions precedent to filing a claim under Title VII have been performed or have occurred.

5. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, dual filed with the Pennsylvania Human Relations Commission, on or about May 19, 2023.

6. Plaintiff was issued her Right to Sue Letter on September 11, 2024, a copy of which is attached as Exhibit "A."

7. At all times relevant hereto, Defendant, The Hershey Company, had 15 or more employees in each of twenty or more calendar weeks in the current or preceding calendar year.

## II. PARTIES

8. Plaintiff, Olivia Snare (hereinafter "Plaintiff"), is an adult individual currently residing in Dillsburg, Pennsylvania.

9. Plaintiff is a Christian.

10. Defendant, The Hershey Company (hereinafter "Defendant"), is a Delaware corporation authorized to transact business in the Commonwealth of Pennsylvania, and its registered address for service of process is CT Corporation System, 600 N 2nd Street, Suite 401, Harrisburg, Pennsylvania 17101.

11. At all times relevant hereto, Defendant was Plaintiff's employer.

12. Under the theory of *respondeat superior*, Defendant is liable to Plaintiff for the unlawful actions and inactions of its servants, agents, and employees.

### III.  FACTS

13. On or about August 4, 2021, prior to hiring Plaintiff, Defendant issued a mandatory COVID-19 vaccination policy (the "Mandate") for *some*, but not all, of its employees.

14. In September of 2022, Plaintiff applied for a position with Defendant as a Financial Analyst.

15. On or about November 21, 2022, Plaintiff received and accepted an offer of employment from Defendant with a start date of December 5, 2022.

16. Plaintiff was informed that the Financial Analyst job was a hybrid position of working some days in an office located within the Chocolate World building, and some days remotely.

17. However, the posted Job Requisition Details for the position of Financial Analyst stated "[t]his position can be 100% REMOTE."

18. The Job Requisition Details also stated that the position "requires that you must be fully vaccinated for COVID-19 (even if working remotely)…".

19. Under Defendant's Mandate, employees subject to the Mandate were permitted to submit a medical or religious accommodation request.

20. Accordingly, on or about November 23, 2022, Plaintiff submitted a religious accommodation request to Defendant requesting a religious exemption to the COVID-19 vaccine Mandate.

21. Because of Plaintiff's submission of a religious accommodation request, Defendant pushed back Plaintiff's start date from December 5, 2022 to January 17, 2023.

22. At the time when Plaintiff was notified of her new start date, Plaintiff had already quit her previous job in anticipation of starting on December 5th and accordingly lost 6 weeks of income due to the delay.

23. On or about December 6, 2022, Plaintiff submitted to an interview regarding Plaintiff's religious accommodation request with a representative of Defendant's Human Resources Department.

24. Defendant Hershey conducted very little analysis or an individualized interactive process to discuss Plaintiff's religious exemption request or possible accommodation of her religious objections.

25. Plaintiff submitted a good-faith statement of her sincerely held religious beliefs, with explanations of how her faith constrained her from accepting the COVID-19 vaccine.

26. Nevertheless, Defendant Hershey denied Plaintiff's request for religious exemption and Defendant made no effort to accommodate Plaintiff's request for religious exemption.

27. On December 7, 2022, Plaintiff received a general, unsigned letter denying Plaintiff's religious accommodation request, stating that an accommodation would create an undue hardship.

28. On December 15, 2022, Plaintiff tested positive for having the COVID-19 infection.

29. Defendant then approved Plaintiff to work fully remotely until March 20, 2023.

30. Defendant informed Plaintiff that after March 20, 2023, she would be required to receive the COVID-19 vaccine regardless of whether she worked fully remotely.

31. Plaintiff began working for Defendant in January of 2023, working fully remotely.

32. Defendant terminated Plaintiff on April 14, 2023.

4

33. Upon information and belief, the employee who trained Plaintiff in the Financial Analyst position and who then temporarily filled the Financial Analyst position after Plaintiff's termination, did not fall under Defendant's vaccine Mandate and therefore was not vaccinated.

34. On or about May 11, 2023, less than one month after Plaintiff was terminated, Defendant ended its COVID-19 vaccine Mandate.

35. On or about May 17, 2023, Plaintiff then reapplied for the same Financial Analyst position with Defendant from which Plaintiff was terminated.

36. Plaintiff was qualified to perform the Financial Analyst position as she had satisfactorily filled that role only one month prior to her re-applying to that same position.

37. On or about June 16, 2023, Defendant sent Plaintiff an email informing Plaintiff she did not receive the position because Defendant "decided to move forward in the process with candidates whose qualifications more closely reflect the requirements of the position."

38. Upon information and belief, Defendant filled the Financial Analyst position with a contracted employee who was not required to be vaccinated.

39. As a direct cause of Defendant's unlawful conduct as described above, culminating in Plaintiff's wrongful termination and Defendant's wrongful refusal to re-hire, Plaintiff has suffered lost wages and employment benefits in the past and ongoing, and has experienced mental anguish, humiliation, depression, anxiety and loss of enjoyment of life.

**Defendant's Inconsistent COVID-19 Mandate**

40.     At all times relevant hereto, Chocolate World was open to customers and visitors from across the country[1].

41.     Chocolate World's customers and visitors were not required to show proof of vaccination prior to entering the Chocolate World building.

42.     Upon information and belief, a majority of Defendant's employees working in person at the Chocolate World location are hourly employees who were not required to be vaccinated under Defendant's Mandate.

43.     In addition to the majority of employees working at the Chocolate World location, the employees working in the manufacturing plants and the employees working at retail locations did not fall under Defendant's Mandate and were not required to be vaccinated.

44.     Defendant's Mandate applied to the salaried employees, like Plaintiff, regardless of whether the individual employees physically interacted with any other employees or customers, or whether they were working remotely.

45.     While Defendant Hershey mandated the COVID-19 vaccine for the salaried employees in the Corporate Division, it allowed its Manufacturing Division to vote on whether to have a vaccine mandate. Hershey's Manufacturing Division opted not to implement a vaccine mandate "due to **overwhelmingly low support among employees**."

---

[1] Chocolate World celebrated their 50th Anniversary in 2023. As a result., Chocolate World hosted several special events, starting in February 2023, with the goal of attracting more guests than ever before. Guests were not required to be vaccinated. On average, Chocolate World receives nearly 4 million visitors per year. https://www.thehersheycompany.com/en_us/home/newsroom/blog/hersheys-chocolate-world-attraction-celebrates-50-years-of-sweet-memories.html

46. Defendant Hershey provided no reasonable explanation why the Mandate was issued for the salaried corporate employees, but not upon the hourly employees working in retail locations, the manufacturing plants or in Chocolate World.

47. The Manufacturing employees work side-by-side in person every day, but no vaccine mandate was placed upon them, despite its implementation due to health and safety concerns.

48. The Retail employees and the hourly employees who work at Hershey's Chocolate World, interact with the public every day, but no Mandate was placed upon them, despite its implementation due to health and safety concerns.

49. Defendant's conduct in not having the Mandate as a blanket-policy for all of its employees, especially to include factory workers, retail and hourly Chocolate World employees interacting closely with each other and the public, while simultaneously terminating employees like Plaintiff for failure to undergo the vaccine under the pretense of "undue hardship" is further evidence of pretextual conduct for unlawful religious discrimination in failing to accommodate Plaintiff's sincerely-held religious beliefs.

50. Defendant failed to demonstrate an "undue hardship" which is a *fact-specific inquiry* that takes into account all relevant factors, including the particular accommodation at issue and their practical impact in light of the nature, size and operating costs of an employer. *See Groff v. DeJoy*, 143 S. Ct. 2279 (2023).

**Plaintiff's Religious Beliefs**

51. Plaintiff's sincerely held religious beliefs precluded her from receiving any of the COVID-19 vaccines that were available at the time of her employment and unlawful termination, for various theological and non-negotiable doctrinal reasons.

52. Plaintiff is a Bible-believing Born Again Christian whose beliefs are guided and informed by the Holy Spirit, prayer and the Holy Bible.

53. In her exemption request, when discussing the Christian community, Plaintiff stated that "[a]s Christians, we believe life begins at conception and the use of aborted fetal tissues is prohibited by the church."

54. Plaintiff believes in the sanctity of human life and that receiving any product that uses aborted fetal cells for testing or development would be the equivalent to participating in and condoning abortion, which would contradict her faith.

55. Plaintiff has sincerely held religious beliefs, rooted in the Bible, that any action or thing that condones, supports, justifies, or benefits from taking innocent human life through abortion is sinful, contrary to the Bible, and therefore must be denounced, condemned, and altogether avoided.

56. Defendant's Mandate conflicted with Plaintiff's religious beliefs because all the available COVID-19 vaccines were developed and produced from, tested with, researched on, or otherwise connected with the use of aborted fetal cell lines.

57. In her exemption request, Plaintiff additionally stated that she believes her body is the temple for God and that she is to honor God with her body.

58. Defendant's Mandate conflicted with Plaintiff's religious because as a Christian, Plaintiff is directed in the Bible to honor God by keeping her body pure from everything that contaminates the body and spirit.

59. Plaintiff believes that she is required by the Bible to refrain from receiving vaccines.

**COUNT I – VIOLATION OF TITLE VII, 42 U.S.C. §2000e, *et seq.*
Religious Discrimination – Wrongful Termination & Failure to Accommodate**

60.     The foregoing paragraphs are incorporated by reference as though the same were set forth more fully herein.

61.     Title VII requires an employer to reasonably accommodate an employee's religious observances and practices unless it would cause undue hardship on the conduct of the employer's business. *See* 42 U.S.C. §2000e-(j).

62.     Title VII further makes it unlawful for an employer "to discharge any individual… because of such individual's… religion." 42 U.S.C. §2000e-2(a)(1).

63.     Plaintiff is a member of protected class in that she is a Christian.

64.     Plaintiff holds a sincere religious belief that conflicts with Defendant's Policy.

65.     Plaintiff informed Defendant of the conflict.

66.     Plaintiff was disciplined for failing to comply with the conflicting requirement, culminating in her termination.

67.     At the time of the discrimination, Plaintiff was Defendant's employee – qualified in all respects to do her job competently – with sincere religious objections to receiving COVID-19 vaccines.

68.     A reasonable accommodation in lieu of receiving the COVID-19 vaccination was not granted to Plaintiff, in violation of Plaintiff's federally-protected rights.

69.     Defendant terminated Plaintiff's employment after Plaintiff refused to violate her conscience by subjecting herself to Defendant's vaccination policy.

70.     Defendant's termination of Plaintiff was an adverse employment action that materially and adversely changed the overall terms and conditions of her employment, in violation of Title VII.

71. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, in callous disregard to Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

72. As a result of Defendant's wrongful termination of Plaintiff, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings and other financial loss.

73. As a result of Defendant's unlawful COVID-19 vaccination policy and wrongful termination, Plaintiff has suffered, and continues to suffer, irreparable harm.

74. Irreparable harm is presumed by the mere fact that Defendant is recklessly violating Title VII.

75. As a further result of Defendant's wrongful termination of Plaintiff, Plaintiff has suffered and continues to suffer damages, humiliation, embarrassment, emotional and physical distress, and mental anguish.

76. Therefore, Plaintiff is entitled to all legal and equitable remedies under Title VII, including compensatory and punitive damages.

WHEREFORE, Plaintiff, Olivia Snare, respectfully requests this Honorable Court to enter judgment in her favor and direct Defendant to:

(a) Award Plaintiff compensatory damages, including lost wages, employment benefits, back pay, interest, and any and all other pecuniary damages for violation of her rights and for the injuries she has suffered as a result of Defendant's conduct;

(b) Award Plaintiff pre-judgment and post-judgment interest;

(c) Award punitive damages for the extreme and outrageous conduct to which Defendant subjected Plaintiff;

(d) Award Plaintiff the costs of this action, including reasonable attorneys' fees and reasonable expert witness fees; and

(e) Award any such further relief as this Court may deem, just, proper and equitable and as permitted under 42 U.S.C. §2000e *et seq*.

### COUNT II– FAILURE TO ACCOMMODATE RELIGIOUS BELIEFS PURSUANT TO PHRA

77. The foregoing paragraphs are incorporated by reference as though the same were set forth more fully herein.

78. Plaintiff is a member of a protected class pursuant to the PHRA, in that she is a Christian with sincerely held religious beliefs that conflict with Defendant's Mandate, as set forth more fully above.

79. Plaintiff informed Defendant of her sincerely-held religious beliefs that conflicted with Defendant's Mandate.

80. At all times relevant hereto, Plaintiff satisfactorily performed all of her job duties.

81. Defendant terminated Plaintiff because of her religious beliefs after failing to accommodate her sincerely-held religious beliefs, resulting in the damages as set forth more fully hereinabove.

WHEREFORE, Plaintiff Olivia Snare respectfully request this Honorable Court enter judgment in her favor, declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act, and direct Defendant to:

(a) Award Plaintiff compensatory damages, including lost wages, employment benefits, back pay, interest, and any and all other pecuniary damages for violation of her rights and for the injuries she suffered as a result of Defendant's conduct;

(b) Award Plaintiff pre-judgment and post-judgment interest;

(c) Award liquidated damages for the willful violation of Plaintiff's protected rights;

(d)  Award Plaintiff the costs of this action, including reasonable attorney's fees and reasonable expert witness fees; and

(e)  Award any such further relief as this Court may deem, just, proper and equitable and as permitted under 43 P.S. §951 *et seq*.

## **COUNT III – VIOLATION OF TITLE VII, 42 U.S.C. §2000e-2**
### **Religious Discrimination – Failure to Re-Hire**

82. The foregoing paragraphs are incorporated by reference as though the same were set forth more fully herein.

83. Title VII makes it unlawful for an employer "to fail or refuse to hire any individual… because of such individual's… religion." 42 U.S.C. §2000e-2(a)(1).

84. At the time of the discrimination, Plaintiff was qualified in all respects to do the job competently.

85. Defendant's refusal to hire Plaintiff was an adverse employment action that materially and adversely changed the overall terms and conditions of her employment, in violation of Title VII.

86. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless, in callous disregard to Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

87. As a result of Defendant's refusal to hire Plaintiff, Plaintiff has suffered and continues to suffer harm, including but not limited to lost earnings and other financial loss.

88. As a result of Defendant's unlawful COVID-19 vaccination policy and wrongful termination, Plaintiff has suffered, and continues to suffer, irreparable harm.

89. Irreparable harm is presumed by the mere fact that Defendant is recklessly violating Title VII.

90. As a further result of Defendant's wrongful termination of Plaintiff, Plaintiff has suffered and continues to suffer damages, humiliation, embarrassment, emotional and physical distress, and mental anguish.

91. Therefore, Plaintiff is entitled to all legal and equitable remedies under Title VII, including compensatory and punitive damages.

WHEREFORE, Plaintiff, Olivia Snare, respectfully requests this Honorable Court to enter judgment in her favor and direct Defendant to:

(a) Award Plaintiff compensatory damages, including lost wages, employment benefits, back pay, interest and any and all other pecuniary damages for violation of her rights and for the injuries she has suffered as a result of Defendant's conduct;

(b) Award Plaintiff pre-judgment and post-judgment interest;

(c) Award punitive damages for the extreme and outrageous conduct to which Defendant subjected Plaintiff;

(d) Award Plaintiff the costs of this action, including reasonable attorneys' fees and reasonable expert witness fees; and

(e) Award any such further relief as this Court may deem just, proper, and equitable and as permitted under 42 U.S.C. §2000e *et seq*.

**COUNT IV - VIOLATION OF TITLE VII, 42 U.S.C. §2000e-2**
**Religious Discrimination – Disparate Treatment for Failure to Re-Hire**

92. The foregoing paragraphs are incorporated by reference as though the same were set forth more fully herein.

93. Title VII makes it illegal for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" on the basis of religion. 42 U.S.C. §2000e-2(a)(1).

94. Plaintiff belongs to a protected class of employees with a bona fide religious objection to any COVID-19 vaccination mandate.

95. Defendant engaged in an intentional, organization-wide and systemic policy, pattern, and practice of religious discrimination against Plaintiff by, among other actions, maintaining a discriminatory mandatory vaccination policy that provided no religious exemption; failing to reasonably accommodate Plaintiffs' bona fide religious beliefs and objections to the COVID-19 vaccines; discriminatorily pressuring Plaintiff to forego her religious beliefs and conscience to subject herself to an unwanted medical procedure; and other forms of discrimination.

96. At a minimum, by imposing the vaccination policy on Plaintiff and deliberately refusing to accommodate Plaintiff's sincerely held religious beliefs, Defendant intentionally discriminated against Plaintiff on the basis of her religious beliefs and practices.

97. Then, after Defendant terminated Plaintiff and dropped their vaccination Mandate, and despite being qualified for the position from which she was fired, Defendant refused to re-hire Plaintiff.

98. Defendant's intentionally disparate treatment was motivated by discriminatory animus toward Plaintiff's sincerely held religious objections to the COVID-19 vaccines.

99. Defendant has treated Plaintiff differently from, and less preferentially than, similarly situated potential employees with no religious objections to the COVID-19 vaccination policy.

100. As a result of Defendant's disparate treatment, Plaintiff suffered adverse employment action in the form not being hired for a position in which she was qualified.

101. Defendant has failed to prevent, respond to, investigate, and appropriately resolve its policy and practice of religious discrimination.

102. Defendant's disparate treatment has been intentional, deliberate, willful, malicious, reckless, and in callous disregard to Plaintiff's rights, thereby entitling Plaintiff to punitive damages.

103. As a result of Defendant's disparate treatment, Plaintiff has suffered harm, including lost earnings, and other financial loss.

104. As a result of Defendant's unlawful COVID-19 vaccination policy and disparate treatment, Plaintiff has suffered, and continues to suffer, irreparable harm.

105. Irreparable harm is presumed by the mere fact that Defendant is recklessly violating Title VII.

106. As further result of Defendant's unlawful disparate treatment, Plaintiff has suffered and continues to suffer damages, humiliation, embarrassment, emotional and physical distress, and mental anguish.

107. Plaintiff is thus entitled to all legal and equable remedies under Title VII, including compensatory and punitive damages.

WHEREFORE, Plaintiff Olivia Snare respectfully requests this Honorable Court to enter judgment in her favor and declare Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act and direct Defendant to:

(a) Award Plaintiff compensatory damages, including lost wages, employment benefits, back pay, interest, and any and all other pecuniary damages for violation

of her rights and for the injuries she has suffered as a result of Defendant's conduct;

(b) Award Plaintiff pre-judgment and post-judgement interest;

(c) Award punitive damages for the extreme and outrageous conduct to which Defendant subjected Plaintiff;

(d) Award Plaintiff the costs of this action, including reasonable attorney's fees and reasonable expert witness fees; and

(e) Award any such further relief as this Court my deem just, proper and equitable and as permitted under 42 U.S.C. §2000e *et seq*.

## COUNT V: VIOLATION OF TITLE VII
## RETALIATION – FAILURE TO RE-HIRE

108. The foregoing paragraphs are incorporated by reference as though the same were set forth more fully herein.

109. Title VII's anti-retaliation provision makes it unlawful for an employer to discriminate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. §2000e-3(a).

110. Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq*. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

WHEREFORE, Plaintiff Olivia Snare respectfully requests the Honorable Court to enter judgment in her favor and declare Defendant's actions to be unlawful and violation of Title VII of the Civil Rights Act and direct Defendant to:

(a) Award Plaintiff compensatory damages, including lost wages, employment benefits, back pay, interest, and any and all other pecuniary damages for violation of her rights and for the injuries she has suffered as a result of Defendant's conduct;

(b) Award Plaintiff pre-judgment and post-judgment interest;

(c) Award punitive damages for the extreme and outrageous conduct to which Defendant subjected Plaintiff;

(d) Award Plaintiff the costs of this action, including reasonable attorneys' fees and reasonable expert witness fees; and

(e) Award any such further relief as this Court may deem, just, proper and equitable and as permitted under 42 U.S.C. §2000e *et seq*.

## COUNT VI: RETALIATION IN VIOLATION OF PHRA

111. The foregoing paragraphs are incorporated by reference as though the same were set forth more fully herein.

112. The Pennsylvania Human Relations Act's anti-retaliation provision makes it unlawful for an employer to discriminate against an employee of their opposition to unlawful employment practices.

113. Defendant engaged in unlawful employment practice prohibited by the PHRA by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

WHEREFORE, Plaintiff Olivia Snare respectfully requests the Honorable Court to enter judgment in her favor and declare Defendant's actions to be unlawful and violation of the PHRA and direct Defendant to :

(a) Award Plaintiff compensatory damages, including lost wages, employment benefits, back pay, interest, and any and all other pecuniary damages for violation of her rights and for the injuries she has suffered as a result of Defendant's conduct;

(b) Award Plaintiff pre-judgment and post-judgment interest;

(c) Award punitive damages for the extreme and outrageous conduct to which Defendant subjected Plaintiff;

(d) Award Plaintiff the costs of this action, including reasonable attorneys' fees and reasonable expert witness fees; and

(e) Award any such further relief as this Court may deem, just, proper and equitable and as permitted under 43 P.S. §951 *et seq*.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims and issues.

Respectfully Submitted,

Date: 12/6/2024          By:     */s/ Andrea L. Shaw*
                                 Andrea L. Shaw, Esquire
                                 LAW OFFICE OF ANDREW H. SHAW, P.C.
                                 Pa. Sup. Ct. I.D. No. 89333
                                 2011 W. Trindle Road
                                 Carlisle, PA 17013
                                 (717) 243-7135 (phone)
                                 (717) 243-7872 (facsimile)
                                 andrea@ashawlaw.com

                                 *Attorneys for Plaintiff*

18